**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JOSLYN L. LAMADRID, BAR NO. 9093.

No. 67834

FILED

OCT 22 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT AND REMANDING FOR FURTHER PROCEEDINGS

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Joslyn LaMadrid. Under the agreement, LaMadrid admitted to multiple violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.2 (expediting litigation), RPC 3.3 (candor toward the tribunal), RPC 4.1 (truthfulness in statements to others), RPC 5.5 (unauthorized practice of law), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct) and single violations of RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants); RPC 5.4 (professional independence of a lawyer), and RPC 7.1 (communications concerning a lawyer's services).

The agreement provides for an 18-month stayed suspension with the following conditions: LaMadrid (a) must promptly comply with all

15-32264

State Bar requests for information, including but not limited to, copies of bank statements and case lists; (b) shall not engage in any activity that results in public discipline, including a letter of reprimand, during the stayed suspension; (c) must continue participation in NA and AA and attend at least two meetings a week; (d) shall abstain from drugs and alcohol, except as prescribed by a Nevada licensed physician and filled by a local pharmacy; (e) shall submit to random drug/alcohol testing during the term of the stayed suspension, including urine or hair testing, at bar counsel's discretion, within four hours of bar counsel's request and pay the costs of any such tests; (f) shall promptly notify bar counsel about any relapses in her recovery; (g) shall meet with her mentor twice each month to discuss her calendar, her workload, her stress levels and how she is managing them, her goals, and any other issues pertaining to her legal practice; (h) shall waive any confidentiality privilege related to her attendance at AA meetings through Lawyers Concerned for Lawyers (LCL) to the extent that her attendance may be verified by an LCL representative; (i) shall sign a HIPAA authorization to allow bar counsel to obtain any medical reports related to her treatment to the extent necessary for bar counsel to monitor whether the terms and conditions of the plea are being adequately complied with; and (j) shall not be convicted of any crime with the exception of minor traffic infractions that do not involve alcohol or controlled substances. The agreement further requires LaMadrid to pay the costs of the disciplinary proceeding, excluding bar counsel and staff salaries.

The hearing panel approved the agreement. The panel found that the mitigating circumstances listed in the plea agreement had been

established (personal or emotional problems and mental or chemical dependency). It also apparently considered the aggravating circumstances listed in the plea agreement (prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, and multiple offenses).

Based on our review of the record, we cannot approve the guilty plea agreement. *See* SCR 113(1). Although the transcript of the formal hearing indicates that the parties intended the stayed suspension to commence upon LaMadrid's reinstatement to the practice of law following her prior disciplinary suspension, *see In re Discipline of Joslyn J. LaMadrid*, Docket No. 61137 (Order of Suspension, September 22, 2014), the conditional guilty plea agreement and the panel's findings and recommendation do not include that provision.[1] Additionally, although the conditions set forth above appear to be appropriate, we are not convinced that an 18-month stayed suspension is sufficient to protect that public and the integrity of the bar by ensuring that LaMadrid is rehabilitated and can remain clean and sober while managing the stress of

---

[1]LaMadrid was suspended for failure to complete CLE requirements on November 9, 2011, *In re Application of Board of Continuing Legal Education*, Docket No. 58961 (Order Dismissing Petition as to Certain Respondent Attorneys and Granting Petition as to Certain Respondent Attorneys, November 9, 2011). The plea agreement and panel decision in this case do not acknowledge that the prior one-year disciplinary suspension would not commence until LaMadrid resolved her CLE suspension. *In re Discipline of Joslyn J. LaMadrid*, Docket No. 61137 (Order of Suspension, September 22, 2014). This court's records do not indicate that LaMadrid ever resolved the CLE suspension. It therefore appears that the one-year disciplinary suspension has not yet commenced.

practicing law. For these reasons, we reject the guilty plea agreement and remand this matter for further proceedings before the Southern Nevada Disciplinary Board.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.　　　_____, J.
Parraguirre　　　　　　　　　　Douglas

_____, J.　　　_____, J.
Cherry　　　　　　　　　　　　　Saitta

_____, J.　　　_____, J.
Gibbons　　　　　　　　　　　　Pickering

cc:　Chair, Southern Nevada Disciplinary Board
　　Joslyn L. LaMadrid
　　Bar Counsel, State Bar of Nevada
　　Kimberly Farmer, Executive Director, State Bar of Nevada